UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL B. OVERALL, *on behalf of minor* R.G.O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:25-cv-00727-HBK <br><br><br> ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM <br><br> (Doc. No. 2) |

On June 13, 2025, Kristal B. Overall initiated this action on behalf of minor Plaintiff R.G.O., seeking judicial review of a final decision of the Commissioner of Social Security denying an application for supplemental security income benefits under the Social Security Act. (Doc. No. 1). On the same day, Kristal B. Overall, through counsel, filed a Petition for Appointment of Guardian Ad Litem. (Doc. No. 2, "Petition"). Petitioner seeks appointment of Kristal B. Overall as guardian ad litem for R.G.O. For the reasons set forth below, the Court grants the Petition.

Federal Rule of Civil Procedure 17 provides for a representative of a minor or an incompetent person to sue or defend on a minor or an incompetent's behalf. Fed. R. Civ. P.

17(c). Similarly, this Court's Local Rule 202(a) in pertinent part, states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)). "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for a child." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).

The Court has considered the application of Kristal B. Overall for appointment as guardian ad litem for R.G.O., who is a minor, and finds no apparent conflict that would preclude her from serving as guardian ad litem. Kristal B. Overall is not a party to the instant action. (*See generally* Doc. No. 1). She is the mother of R.G.O.; and R.G.O. is in her custody. (Doc No. 2 at 2 ¶ 2). The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the minor Plaintiff.

Accordingly, it is **ORDERED**:

1. The Petition for Appointment of Guardian Ad Litem (Doc. No. 2) is **GRANTED.**

    2. Kristal B. Overall is appointed as guardian ad litem for R.G.O. and is authorized to prosecute this action on their behalf.

Dated:   June 18, 2025

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE